**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**FEDERAL TRADE COMMISSION,**

    **Plaintiff,**

v.                                        **CASE NO: 8:07-CV-1279-T-30TGW**

**FTN PROMOTIONS, INC., a Florida
Corporation, d/b/a Suntasia Marketing,
Inc., Capital Vacation,** *et al.***,**

    **Defendants.**

_____/

**ORDER GRANTING DEFENDANTS' FIRST APPLICATION FOR PAYMENT
OF ATTORNEYS' FEES AND EXPENSES**

THIS CAUSE comes before the Court upon Defendants FTN Promotions, Inc., Guardian Marketing Services, Corp., Strategia Marketing, LLC, Co-Compliance, LLC, Suntasia Properties, Inc., and Bay Pines Travel, Inc.'s First Application for Payment of Attorneys' Fees and Expenses (Dkt. #201), together with the Affidavit of Christopher Cole (Dkt. #202), Affidavit of Bryon Wolf (Dkt. #203), Affidavit of Roy Eliasson (Dkt. #204), Affidavit of Barry Cutler (Dkt. #205), Appendix (Dkt. #206), Amended Document (Dkt. #207), and Plaintiff Federal Trade Commission's Response to the Strategia Defendants' First Application for the Payment of Attorneys' Fees and Expenses (Dkt. #224). The Court, having reviewed and considered the motion, affidavits filed in support thereof, response in opposition, and being otherwise advised in the premises, concludes that the Defendants' motion requesting disbursement of reasonable attorneys' fees and costs to Manatt, Phelps &

Phillips, LLP ("Manatt") for work performed during the months of July, August, September, October, November and December of 2007, should be granted in part and denied in part as stated herein.

**I.     Expenses.**

The Court will not authorize payment for express mail charges, telephone charges, computer legal research, "over-time taxi" reimbursements, practice analysts services and unidentified miscellaneous expenses or fees. Accordingly, the Court deducted $72,538.26 from Manatt's expense request for express mail charges, telephone charges, computer legal research, practice analyst services, and unidentified miscellaneous expenses invoiced at Dkt. #207-2.

**II.    Fees.**

In order to determine a reasonable and proper fee award, the Court must consider the number of hours expended on the case together with the customary hourly fees charged in this community for similar services. *See Henesley v. Eckerhart*, 461 U.S. 424 (1983). "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Duckworth v. Whisenant*, 97 F.3d 1393, 1396 (11th Cir. 1996), citing *Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). The going rate in the community is the most critical factor in setting the fee rate. *See Martin v. University of South Alabama*, 911 F.2d 604, 610 (11th Cir. 1990).

Manatt argues that this Court should use the prevailing market rates in the Washington, D.C. area. This Court disagrees. The Tampa community should be designated as the "relevant legal community" for purposes of determining a reasonable hourly rate in this matter. Further, in this Court's experience, there are several law firms in the Tampa community with lawyers of comparable skills, experience and reputation as those of Manatt who are fully qualified to provide a quality defense in a FTC enforcement action.[1]

Accordingly, the Court adjusted Manatt's rates as follows:

| Title | Name | Billing Rate | Adjusted Rate |
|---|---|---|---|
| Partner | JF Libby | $650 | $410 |
| Partner | LA Goldstein | $650 | $410 |
| Partner | GA Clarick | $590 | $410 |
| Partner | T Feder | $590 | $410 |
| Partner | CA Cole | $550 | $410 |
| Partner | WM Heberer | $550 | $410 |
| Partner | C Pagar | $550 | $410 |
| Partner | KS Peluso | $520 | $410 |
| Counsel | HG Foster | $510 | $410 |
| Associate | CT Koegel | $460 | $350 |
| Associate | E Dang | $415 | $300 |
| Paralegal | SM Rose-Smith | $385 | $200 |
| Paralegal | J Aaron | $220 | $200 |
| Paralegal | SL Marshall | $185 | $185 |
| Paralegal | CV Mercedes | $85 | $85 |

Additionally, the Court deducted $14,250 consisting of 36 billable hours (50% of 12 round trips assuming a 6 hour round trip) of travel time spent by the attorneys on numerous round

---

[1] Zuckerman Spaeder, LLP, a reputable white collar criminal defense firm located in the Tampa community, acted as local counsel for Defendants during the preliminary injunction proceedings in this matter and played an active part therein. At this time, Carlton Fields, PA, another reputable law firm in the Tampa community, is acting as local counsel for multiple Defendants herein.

trips between New York and Tampa. Finally, the Court deducted fees billed on behalf of "P Analyst" in the amount of $3,799.50.

With respect to the hours billed by Defendants' attorneys and paralegals, the Court conducted an independent review of the accounting provided by Defendants' counsel and finds that the hours billed were reasonably spent on litigation, and no time should be excluded as excessive, unnecessary or redundant, except for the aforementioned travel time deductions.

The Court concludes that Manatt is entitled to an award of $595,029.17, consisting of $543,430.50 in fees and $51,598.67 in costs for work performed by Manatt during the months of July 2007 through December 2007. The FTC has already released $352,881.87 in fees and costs to Manatt from the frozen accounts of Bryon Wolf and Roy Eliasson. Thus, such amount should be applied to Manatt's award resulting in a balance of $242,147.30 ($595,029.17 - $352,881.87 = $242,147.30).

**III.    Payment of attorneys' fees and costs from frozen funds.**

The Court declines to allow further payment of Defendants' attorneys' fees and costs from the frozen accounts of Bryon Wolf and Roy Eliasson at this time. Defendants' attorneys' fees and costs may be paid from the Receivership estate or unfrozen assets of the individual Defendants[2], corporate Defendants' stockholders, or individual Defendants' friends or family.

---

[2] Bryon Wolf receives $23,230.90 per month in living expenses. Roy Eliasson receives $15,227.50 per month in living expenses.

IT IS THEREFORE ORDERED AND ADJUDGED that:

1. Defendants FTN Promotions, Inc., Guardian Marketing Services, Corp., Strategia Marketing, LLC, Co-Compliance, LLC, Suntasia Properties, Inc., and Bay Pines Travel, Inc.'s First Application for Payment of Attorneys' Fees and Expenses (Dkt. #201) is **GRANTED IN PART AND DENIED IN PART** as stated herein.

2. The Court hereby authorizes payment from the Receivership estate or other unfrozen assets to Manatt, Phelps & Phillips, LLP for fees and costs in the amount of **$242,147.30** for work performed by Manatt on behalf of Defendants during the months of July 2007 through December 2007**.**

**DONE** and **ORDERED** in Tampa, Florida on June 25, 2008.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2007\07-cv-1279.mt atty fees 201.wpd