UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**FEDERAL TRADE COMMISSION,**

    **Plaintiff,**

v.                                                              Case No.  8:07-cv-1279-T-30TGW

**FTN PROMOTIONS, INC., et al,**

    **Defendants.**
_____/

**ORDER MODIFYING ORDER AUTHORIZING AND CONFIRMING SALE OF YACHT KNOWN AS "HAKUNA MATATA" FREE AND CLEAR OF LIENS AND APPROVING MODIFIED SALE PROCEDURES AND RELATED RELIEF PURSUANT TO STIPULATION**

The Court having previously issued its Order Authorizing and Confirming Sale of Yacht Known as "Hakuna Matata" Free and Clear of Liens and Approving Modified Sale Procedures and Related Relief on May 30, 2008 ("Sale Order") (Dkt. # 246), and Robb Evans & Associates LLC ("Receiver") having filed with the Court the Stipulation Regarding (1) Sale of Yacht Hakuna Matata; (2) Payment of Lien of Bank of America; (3) Approval of Receiver's Proposed Settlement with R. Noble Concerning Yacht Deposit; (4) Guarantors' Deficiency Payment; and (5) Related Relief ("Yacht Stipulation") (Dkt. # 266) made by and among Robb Evans and Robb Evans & Associates LLC as Receiver for FTN Promotions, Inc., dba Suntasia Inc., Suntasia Marketing, Inc. and Capital Vacations; Guardian Marketing Services Corp. dba Guardian Escrow Service; Strategia Marketing, LLC; Co-Compliance, LLC; JFW Consultants, Inc., dba Freedom Gold, Variety!, Credit Life, and Freedom Ring ULD; Travel Agents Direct LLC dba Travel Agents Go Direct, Floridaway, Travel Life Go Direct, Florida Direct, and Lucid Long Distance; Agent's Travel Network, Inc. dba Florida Passport, Bay Pines Travel, Inc. and Suntasia Properties, Inc.; and their affiliates and

subsidiaries, Bank of America, individual defendants Bryon Wolf and Roy Eliasson, and the entities known as the "Strategia Defendants" including FTN Promotions, Inc., Guardian Marketing Services Corp., Strategia Marketing, LLC, Co-Compliance, LLC, Bay Pines Travel, Inc. and Suntasia Properties, Inc. pursuant to which the interested parties have agreed that a sale of the vessel Hakuna Matata for a gross sale price after deduction of commissions and credits or deductions for repairs to the Yacht of approximately $2,220,000 to Mark Herrington or his assignee(s) ("Herrington") is in the best interests of the receivership estate and the interested parties, and good cause appearing therefore,

IT IS ORDERED that the provisions of paragraph 4.F.(1) of the Sale Order (Dkt. # 246) are hereby modified to read as follows:

(1) The Receiver is hereby authorized to sell the Yacht under modified sale procedures under 28 U.S.C. § § 2001 and 2004 by which the Receiver is authorized to sell the Yacht by public or private sale pursuant to the Sale Motion to a third party other than the Buyer, so long as the sale obtained by the Receiver results in proceeds of sale after payment of commissions of approximately $2,220,000 ("proposed alternative sale"), and the Court hereby approves the modified sale procedures for the sale of the Yacht pursuant to 28 U.S.C. § § 2001 and 2004; and

IT IS FURTHER ORDERED that all other terms and provisions of the Sale Order shall remain in full force and effect without modification.

**DONE** and **ORDERED** in Tampa, Florida on August 27, 2008.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**

Counsel/Parties of Record

S:\Odd\2007\07-cv-1279.modif order 266.wpd