UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FEDERAL TRADE COMMISSION,

    Plaintiff,

v.     Case No.  8:07-cv-1279-T-30TGW

FTN PROMOTIONS, INC., et al,

    Defendants.
_____/

## ORDER
## AND NOTICE OF EVIDENTIARY HEARING

THIS CAUSE comes before the Court upon Defendants', Bryon Wolf, Roy Eliasson and Membership Services, LLC, Motion for Enlargement of Time to Respond to FTC's Motion and to the Order to Show Cause (Dkt. 301), Plaintiff Federal Trade Commission's Opposition to Contempt Defendants' Motion for Enlargement of Time to Respond to the Court's Order to Show Cause (Dkt. 302), Defendants', Bryon Wolf, Roy Eliasson and Membership Services, LLC, Motion to Conduct Discovery Exclusively Pursuant to the Federal Rules of Civil Procedure and for a Discovery Scheduling Order (Dkt. 303), and Defendants', Bryon Wolf, Roy Eliasson and Membership Services, LLC, Motion to Stay Enforcement of the Compliance Monitoring Section of the Permanent Injunction (Dkt. 304). The Court, having reviewed the motions, response, and being otherwise advised in the premises, concludes the motion for an extension should be granted in part, the motion for

leave to conduct discovery should be granted in part, and the motion to stay enforcement of the permanent injunction should be denied.

Defendants seek a ninety-day extension of time to respond to the Court's Order to Show Cause why they should not be held in civil contempt for violating this Court's Permanent Injunction (Dkt. S-29). They also request leave to conduct discovery and for the Court to enter a discovery scheduling order, including obtaining the FTC's investigation results and deposing FTC personnel and third parties. Finally, they request the Court stay the compliance monitoring section of the permanent injunction and permit discovery to proceed only under the Federal Rules of Civil Procedure. The FTC opposes the ninety-day extension, the request to conduct discovery, and the modification of the permanent injunction restricting its current discovery powers.

The FTC's motion for an order to show cause attached nearly 1,000 pages of exhibits collected over the course of the last four years while monitoring the Defendants and a declaration from an economic expert. The FTC requests that Defendants be held in contempt and subject to over $9,000,000 in proposed restitution to consumers. The FTC, however, opposes the lengthy extension to respond based on the following excerpt of the Stipulated Permanent Injunction entered by the Court:

> IT IS FURTHER ORDERED that, for a period of eight (8) years from the date of entry of this Order, for any business where (1) Stipulating Defendant Bryon W. Wolf or Roy A. Eliasson is the majority owner of the business or directly or indirectly manages or controls the business, and where (2) the business is engaged in, or is Assisting Others engaged in, the promotion, offering for sale, or sale of any product or service to Consumers, Stipulating Defendants, and their agents, employees, officers, corporations, and those Persons in active

>   concert or participation with them who receive actual notice of this Order by personal service or otherwise, are hereby restrained and enjoined from failing to create and/or retain . . . *[a]ll records and documents necessary to demonstrate full compliance* with each provision of this Order, including, but not limited to, copies of acknowledgments of receipt of this Order.

Dkt. 284 at 31.  Thus, the FTC argues that Defendants should not be rewarded by an extension of time to respond when their failure to retain the required materials is itself a violation of the permanent injunction.  Additionally, the FTC claims it will be prejudiced by the delay and it will cause further injury to the public.

The Court agrees that Defendants ought not be permitted to continue violating, if they are now violating as alleged by the FTC, this Court's Permanent Injunction for an additional three months.  Moreover, Defendants should already possess most of the discovery necessary to respond to the Court's Order to Show Cause.  However, Defendants must be permitted sufficient notice and the opportunity to defend themselves against sanctions in civil contempt proceedings.  *See Hall v. Infirmary Health Sys.*, 2008 WL 4493233, at *2 (S.D. Ala. Oct. 2, 2008) ("Civil contempt may be imposed in an ordinary civil proceeding upon notice and an opportunity to be heard.") (citing *Mercer v. Mitchell*, 908 F.2d 763, 768-69 (11th Cir. 1990)).

As materially disputed facts appear inevitable, the Court will not require a written response to the Order to Show Cause from Defendants.  Rather, the Court partially grants Defendants an extension of time from the date their response was originally due on June 13, 2013, to prepare for the evidentiary hearing that is scheduled for 10 a.m. on Wednesday, September 4, 2013.  Defendants may also conduct discovery, including making production requests and deposing the FTC's expert, personnel, and third-party declarants.  The fact

discovery deadline and Defendants' witness list and expert disclosure deadline is August 14, 2013.

However, the Court will not modify its final judgment by diminishing the FTC's power to monitor Defendants as agreed to in the stipulated permanent injunction. Therefore, Defendants' motion to modify the permanent injunction is denied. In all other respects, the Federal Rules of Civil Procedure will govern this civil contempt proceeding.

It is therefore ORDERED AND ADJUDGED that:

1. Defendants', Bryon Wolf, Roy Eliasson and Membership Services, LLC, Motion for Enlargement of Time to Respond to FTC's Motion and to the Order to Show Cause (Dkt. 301) is GRANTED IN PART as stated herein.

2. Defendants', Bryon Wolf, Roy Eliasson and Membership Services, LLC, Motion to Conduct Discovery Exclusively Pursuant to the Federal Rules of Civil Procedure and for a Discovery Scheduling Order (Dkt. 303) is GRANTED IN PART as stated herein.

3. Defendants', Bryon Wolf, Roy Eliasson and Membership Services, LLC, Motion to Stay Enforcement of the Compliance Monitoring Section of the Permanent Injunction (Dkt. 304) is DENIED.

4. An **EVIDENTIARY HEARING** is scheduled on **WEDNESDAY, SEPTEMBER 4, 2013, at 10:00 A.M.** in Courtroom 13A at the U.S. Sam Gibbons Courthouse, 801 North Florida Avenue, Courtroom #13A, Tampa, Florida 33602 (Time reserved: Full day). The purpose of this hearing is to determine if Defendants Bryon Wolf,

Roy Eliasson and Membership Services, LLC, have violated the Court's Permanent Injunction Order (Dkt. 284) and, therefore, if they should be held in civil contempt.

**DONE** and **ORDERED** in Tampa, Florida on June 18, 2013.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2007\07-cv-1279.extenstiontimeresponseOSC.frm