UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FEDERAL TRADE COMMISSION,

    Plaintiff,

v.                                  CASE No. 8:07-CV-1279-T-30TGW

FTN PROMOTIONS, INC., et al.,

    Defendants.
_____

## ORDER

THIS CAUSE came on for consideration upon Defendants', Brian Wolf, Roy Eliasson and Membership Services, LLC, Motion for Protective Order (Doc. S-30) and the response of the Federal Trade Commission ("FTC") (Doc. 311). The defendants seek an Order continuing the sealing of the FTC's Motion for an Order to Show Cause and supporting exhibits until the evidentiary hearing scheduled for September 16, 2013. Because the defendants have failed to show that continued sealing is warranted, the motion will be denied.

I.

On May 22, 2013, the FTC filed a Motion for an Order to Show Cause ("Show Cause Motion"), seeking relief for the defendants' alleged violations of this court's permanent injunction (Doc. S-27). The motion was supported by numerous exhibits, including documents obtained from third parties who received Civil Investigative Demands from the FTC, as well as documents produced by the defendants during discovery.

Pursuant to 16 C.F.R. 4.10(g), the FTC moved for a temporary, 10-day seal of the Show Cause Motion and supporting exhibits to allow the third parties and the defendants to seek a protective order before the materials would be made public (Doc. S-26). United States District Judge James S. Moody, Jr., granted the FTC's request and entered an Order sealing the documents until June 3, 2013 (Doc. S-28).

The FTC notified the third parties of the filing of these materials and its request that the seal be lifted if the defendants or the third parties did not move for a protective order or if the court found that sealing the documents was not warranted (Doc. 311-1, pp. 2, 4, 10, 13, 19, 27). None of the third parties moved for a protective order (id., p. 3).

On the final day of the temporary seal, June 3, 2013, the defendants filed an emergency motion, seeking an extension of the seal and permission to file their Motion for Protective Order under seal (Doc. 297). Judge Moody extended the seal until "the Court rules on the Defendants' Motion for Protective Order," and directed the defendants to file their Motion for Protective Order, under seal, by June 10, 2013 (Doc. 298).

Thereafter, the defendants filed their Motion for Protective Order, moving to seal the FTC's entire Show Cause Motion and most of the attached exhibits (Doc. S-30). The motion was referred to me for disposition, and oral argument was heard on July 26, 2013.

II.

The common-law right of access to judicial proceedings "establish[es] a general presumption that criminal and civil actions should be conducted publicly" and "includes the right to inspect and copy public records and documents." Chicago Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1311 (11th Cir. 2001). "A motion that is 'presented to the court to invoke its powers or affect its decisions,' whether or not characterized as dispositive, is subject to the public right of access." Romero

3

v. Drummond Co., Inc., 480 F.3d 1234, 1246 (11th Cir. 2007), quoting United States v. Amodeo, 71 F.3d 1044, 1050 (2nd Cir. 1995).

The right of access, however, is not absolute and may be overcome by a showing of good cause, which requires balancing the public's right of access against a party's competing interest in maintaining confidentiality. Romero v. Drummond Co., Inc., supra; Chicago Tribune Co. v. Bridgestone/Firestone, Inc., supra. With respect to such balancing, a court considers a number of factors, including "whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." Romero v. Drummond Co., Inc., supra.

III.

There is no question that the Show Cause Motion and accompanying exhibits are part of the record of a judicial proceeding. Federal Trade Commission v. AbbVie Products, LLC, 713 F.3d 54, 63-64

(11th Cir. 2013). Consequently, there is a presumptive right of public access to those materials. Id. at 62.

"The test for whether a judicial record can be withheld from the public is a balancing test that weighs 'the competing interests of the parties' to determine whether there is good cause to deny the public the right to access the document[s]." Id. Here, on balance, the interest of the public in disclosure clearly outweighs any interest of the defendants in continued sealing.

Notably, the FTC only requested that the materials be temporarily sealed so that the defendants and third parties could be noticed and given an opportunity to object to disclosure (see Docs. S-26, S-28). Thus, the FTC's opposition to further sealing does not reflect a change of position.

The defendants base their request for continued sealing on the grounds that disclosure of the Show Cause Motion will severely affect their business and that the exhibits contain trade secrets and confidential information. This latter contention evaporated at the hearing. The FTC points out many of the exhibits were obtained from third parties and, after

notice, they did not object to disclosure. Further, the defendants only supported their claims of trade secrets and confidential information with conclusory assertions (see Doc. S-30, Ex. A). The defendants were asked three times at the hearing to specify sensitive documents. The first two times the defendants failed to identify any specific documents that contained sensitive information. On the third occasion, the defendants identified four declarations submitted by the FTC that they wanted sealed because the declarations reflected allegations in the Show Cause Motion. Thus, the defendants have failed to provide any support for a request to seal documents based upon claims of trade secrets or confidential information.

That leaves for consideration under the balancing test the Show Cause Motion and the four related declarations. The defendants argue that public disclosure "will precipitate the closure of Defendant Membership Services, LLC based solely on unproven and unsubstantiated governmental allegations" (Doc. S-30, pp. 1-2). This contention is unpersuasive.

In the first place, the concern is exaggerated. At the hearing, the defendants speculated that the disclosure would be picked up by some news media, which would prompt some customers or prospective customers who

saw those stories to go on some internet search engine and read the allegations, and then decide not to do business with the company or terminate their relationship and ask for a refund. It seems very unlikely that if this happened at all, it would not be done in sufficient numbers that it would cause the closure of Membership Services.

Furthermore, the speculated stampede upon the defendants' business would have to occur quickly since the evidentiary hearing is scheduled in less than seven weeks. The defendants acknowledged at the hearing that they have no cogent argument that the evidentiary hearing should be sealed or that the materials should remain under seal after that point.

However, the defendants assert that, in light of the short period of time before everything is unsealed, they should have the opportunity to protect their business and prepare a response during that period. Nevertheless, as the FTC argued, if the materials do not deserve to be sealed, there is no justification for continuing to seal them, even if it is for just a short period of time.

In addition, the FTC has cited solid authority stating that the fact that the disclosure of information would harm a company's reputation is not

a basis for sealing that information (Doc. 311, pp. 6-7). Indeed, negative information about a company would seemingly increase the public's need to know, rather than support sealing. See Central National Bank of Mattoon v. U.S. Dept. of Treasury, 912 F.2d 897, 900 (7th Cir. 1990).

The defendants also object that the unsealing of the Show Cause Motion and related declarations would present a one-sided picture since they have not filed a response to the motion. However, while the defendants are not required to file a response, they are not prohibited from doing so either. Moreover, they have had more than two months to formulate a response. Consequently, the defendants are in a position to remedy any unfairness resulting from the lack of a response.

Under these circumstances, the defendants have failed to overcome the presumption that judicial records should be made available to the public. This conclusion does not take into consideration the idea that, if, as the FTC has alleged, the defendants are engaged in deceptive practices, the public's right to be informed about the defendants' operation is substantially increased. However, as the FTC indicates, there is a strong public interest in the disclosure of practices that the FTC believes are deceptive (Doc. 311, pp.

8

13-14). Particularly in light of this factor, the balancing of the parties' interests clearly warrants unsealing of the materials.

It is, therefore, upon consideration

ORDERED:

That Defendants', Brian Wolf, Roy Eliasson and Membership Services, LLC, Motion for Protective Order (Doc. S-30) be, and the same is hereby, **DENIED**. Therefore, all materials sealed in connection with the motion shall be **unsealed**.

DONE AND ORDERED at Tampa, Florida, this 31st day of July, 2013.

_____
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE